UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:10-cv-22343-CIV-HUCK/O'SULLIVAN

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as receiver
of BankUnited, FSB,

    Plaintiff,

v.

BANKUNITED FINANCIAL
CORPORATION, BANKUNITED
FINANCIAL SERVICES, INC., CRE
AMERICA CORPORATION, and
BU REALTY CORPORATION,

    Defendants.
_____/

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO MOTION OF THE FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER OF BANKUNITED, FSB, FOR THE ENTRY OF
AN ORDER, PURSUANT TO 28 U.S.C. § 157(d) AND BANKRUPTCY RULE 5011(a),
WITHDRAWING THE REFERENCE OF THE ADVERSARY PROCEEDING
INVOLVING CONSIDERATION OF TITLE 12 OF THE UNITED STATES CODE**

    Defendants, BankUnited Financial Corporation, BankUnited Financial Services, Inc., CRE America Corporation, and BU Realty Corporation (collectively, the "BUFC Parties"),[1] respectfully submit the attached *Notice of Supplemental Authority in Opposition to Motion of the Federal Deposit Insurance Corporation, as Receiver of BankUnited, FSB, for the Entry of an Order, Pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a), Withdrawing the Reference of the Adversary Proceeding Involving Consideration of Title 12 of the United States Code* (the "Notice"). The Notice was filed with the Bankruptcy Court on June 18, 2010, but apparently was not transmitted as part of the record for this Court's consideration of the *Motion of the*

---

[1] Although denominated in the caption of the case before this Court as Defendants, the BUFC Parties are Plaintiffs in the underlying litigation before the Bankruptcy Court of which the Federal Deposit Insurance Company seeks withdrawal of the reference in this proceeding.

*Federal Deposit Insurance Corporation, as Receiver of BankUnited, FSB, for the Entry of an Order, Pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a), Withdrawing the Reference of the Adversary Proceeding Involving Consideration of Title 12 of the United States Code.*

| | |
|---|---|
| Dated July 21, 2010. | **GREENBERG TRAURIG, P.A.** |
| | *Counsel for Defendants, BankUnited Financial Corporation, BankUnited Financial Services, Inc., CRE America Corporation, and BU Realty Corporation* |
| | 1221 Brickell Avenue |
| | Miami, Florida 33131 |
| | Telephone: (305) 579-0500 |
| | Facsimile: (305) 579-0717 |
| | |
| | BY:   /s/ *Mark D. Bloom* |
| | JACQUELINE BECERRA |
| | Florida Bar No. 0025135 |
| | becerraj@gtlaw.com |
| | MARK D. BLOOM |
| | Florida Bar No. 303836 |
| | bloomm@gtlaw.com |
| | SCOTT M. GROSSMAN |
| | Florida Bar No. 0176702 |
| | grossmansm@gtlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by Certified Mail-Return Receipt Requested, for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing in this civil action.

/s/ *Mark D. Bloom*
MARK D. BLOOM

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this civil action:

Bruce Judson Berman    bberman@mwe.com, wjanke@mwe.com

Mark David Bloom    bloomm@gtlaw.com, miaecfbky@gtlaw.com, MiaLitDock@gtlaw.com, phillipsj@gtlaw.com

*MIA 181,350,039 v2 117136010200.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | |
| BANKUNITED FINANCIAL CORPORATION, *et al.*, | Case No. 09-19940-LMI |
| | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |
| BANKUNITED FINANCIAL CORPORATION, BANKUNITED FINANCIAL SERVICES, INC., CRE AMERICA CORPORATION, and BU REALTY CORPORATION, | |
| Plaintiffs, | |
| v. | Adv. No. 10-02872-LMI |
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver of BankUnited, FSB, | |
| Defendant. | |
| _____/ | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO MOTION OF THE FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER OF BANKUNITED, FSB, FOR THE ENTRY OF
AN ORDER, PURSUANT TO 28 U.S.C. § 157(d) AND BANKRUPTCY RULE 5011(a),
WITHDRAWING THE REFERENCE OF THE ADVERSARY PROCEEDING
INVOLVING CONSIDERATION OF TITLE 12 OF THE UNITED STATES CODE**

Plaintiffs BankUnited Financial Corporation, BankUnited Financial Services, Inc., CRE America Corporation, and BU Realty Corporation (collectively **"Plaintiffs"**), notify the Court of the issuance of the June 14, 2010 "Order on Defendant FDIC's Motion to Withdraw the Reference of Adversary Proceeding to the District Court" issued by the United States District Court for the Middle District of Georgia in the case of *Georgia Dep't of Revenue v. Webster (In*

*re Security Bank Corp.)*, Misc. Action No. 5:10:mc-3(CAR), a copy of which is attached hereto as **Exhibit A**.

In considering whether to withdraw the reference in whole or in part pursuant to 28 U.S.C. § 157(d), Plaintiffs respectfully request the Court to consider the *Security Bank Corp.* decision as supplemental authority in opposition to the Motion of the Federal Deposit Insurance Corporation, as Receiver of BankUnited, FSB, for the Entry of an Order, Pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a), Withdrawing the Reference of the Adversary Proceeding Involving Consideration of Title 12 of the United States Code (DE #11). In the *Security Bank Corp.* case, the District Court denied the FDIC-Receiver's motion to withdraw the reference of an adversary proceeding seeking a determination of competing ownership claims to certain tax refunds between a bankruptcy trustee for a bank holding company and the FDIC-Receiver, which is the same issue raised in Count II of the Complaint (DE #1) in this Adversary Proceeding.

Dated June 18, 2010.                             Respectfully submitted,

GREENBERG TRAURIG, P.A.
Counsel for Plaintiffs
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: ___/s/ Mark D. Bloom___
    MARK D. BLOOM
    Florida Bar No. 303836
    bloomm@gtlaw.com
    JACQUELINE BECERRA
    Florida Bar No. 0025135
    becerraj@gtlaw.com
    SCOTT M. GROSSMAN
    Florida Bar No. 0176702
    grossmansm@gtlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 18, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF who are authorized to receive electronically Notices of Electronic Filing in this adversary proceeding.

                                                         /s/ Mark D. Bloom
                                                        MARK D. BLOOM

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this adversary proceeding:

Bruce J Berman - bberman@mwe.com; wjanke@mwe.com; graicht@mwe.com; knorcross@fdic.gov; slevine@fdic.gov

Mark D Bloom - bloomm@gtlaw.com, phillipsj@gtlaw.com; MiaLitDock@gtlaw.com; miaecfbky@gtlaw.com

Scott M. Grossman - grossmansm@gtlaw.com, phillipsj@gtlaw.com; MiaLitDock@gtlaw.com; miaecfbky@gtlaw.com

Sameer K Kapoor - skapoor@kilpatrickstockton.com, tmeyers@kilpatrickstockton.com

*MIA 181,274,935v4*

3

# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| SECURITY BANK CORPORATION, | : | CHAPTER 7 |
| | : | |
| Debtor | : | Case No.: 09-52409-JTL |
| | : | |
| _____ | : | |
| | : | |
| GEORGIA DEPARTMENT OF REVENUE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Miscellaneous Action |
| v. | : | No. 5:10-mc-3(CAR) |
| | : | |
| JOY R. WEBSTER, Chapter 7 Trustee for | : | |
| Security Bank Corporation, and FEDERAL | : | |
| DEPOSIT INSURANCE CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER ON DEFENDANT FDIC'S MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING TO THE DISTRICT COURT**

Currently before the Court is Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Withdraw the Reference of Adversary Proceeding No. 09-05128-JTL [Doc. 2] to this Court to determine who is entitled to disputed tax refunds – the FDIC Receiver or Joy R. Webster, Chapter 7 Trustee. Having considered the Motion, the briefs in response and reply thereto, and the applicable law, for the following reasons, the Court hereby **DENIES** the Motion.

1

## BACKGROUND

Security Bank Corporation ("Security") was the sole shareholder of six state chartered financial institutions: Security Bank of Bibb County, Security Bank of Jones County, Security Bank of Houston County, Security Bank of Gwinnett County, Security Bank of North Fulton, and Security Bank of North Metro (the "Banks"). In 2007, as the housing crisis swept across Georgia and the country, Security's financial condition deteriorated. As a consequence, on July 24, 2009, the Georgia Department of Banking and Finance took possession of the Banks, and the FDIC was appointed receiver of the Banks on the same day. A week later, on July 31, 2009, Security filed a Chapter 7 petition for bankruptcy, and Defendant Joy R. Webster was appointed trustee in the bankruptcy case ("Trustee").

On June 2, 2009, approximately a month and a half before filing for bankruptcy, Security filed a 2008 consolidated Georgia income tax return seeking a refund in the amount of $901,085.00 (the "Georgia Refund").[1] Having not received the refund at the time the petition for bankruptcy was filed, both the Trustee and the FDIC notified the Georgia Department of Revenue that each was entitled to the 2008 refund.

---

[1] The FDIC receiver intends to take advantage of certain other tax laws and anticipates a significantly higher refund.

Because the Georgia Department of Revenue was unable to determine which party was entitled to the refund, it filed this adversary proceeding for interpleader seeking to pay the 2008 refund amount into the Bankruptcy Court registry and asking the Bankruptcy Court to determine the rights of the FDIC and the Trustee to the refund. On January 12, 2009, the parties entered into a consent order allowing the Georgia Department of Revenue to pay the refund into the Bankruptcy Court registry pending a decision as to the parties' interests to the refund. The Georgia Department of Revenue was dismissed from this adversary proceeding.

The Trustee and the FDIC anticipate that the filing of amended tax returns, including state returns for 2007 and 2008 and federal tax returns, will result in tax refunds of over $17,000,000.00. The FDIC contends that the refunds are the result of the Banks' losses, and the tax sharing agreement and law require a determination that the refunds are the property of the FDIC. The Trustee disputes the FDIC's interpretation of the tax sharing agreement and contends that the tax sharing agreement creates a debtor-creditor relationship between Security and the Banks such that the refunds are property of the bankruptcy estate.

On January 21, 2010, the FDIC filed an answer and cross-claim in this adversary proceeding seeking a determination that the 2008 Georgia refund and federal tax refunds are property of the FDIC and not property of the estate. The Trustee then filed

3

answers to both the adversary proceeding and to the FDIC's cross-claim. The Bankruptcy Court has conducted a pre-trial hearing, and the FDIC and the Trustee have been exchanging documents, but no formal discovery has been initiated by either party.

The FDIC then filed this Motion to Withdraw the Adversary Proceeding from the Bankruptcy Court to this Court.

## DISCUSSION

Bankruptcy courts provide a special forum for debtors and creditors to reach prompt resolution of bankruptcy issues, with district courts serving in a supervisory and appellate capacity for bankruptcy courts. See In re TPI Int'l Airways, 222 B.R. 663, 667 (S.D. Ga. 1998). In filing a motion to withdraw the reference of this proceeding from bankruptcy court, the FDIC seeks to have the issues decided in this Court rather than the bankruptcy court. "[M]otions to withdraw reference from the bankruptcy court under § 157(d) essentially only determine the forum in which final decisions will be reached." In re King Mem'l Hosp., 767 F.2d 1508, 1510 (11th Cir. 1985).

The FDIC asserts that withdrawal of the adversary proceeding to this Court is required because: (1) Pursuant to 12 U.S.C. § 1821(d)(6)(A), the action against the FDIC in its capacity as receiver may only be brought in district court; (2) Withdrawal of the reference is mandatory pursuant to 28 U.S.C. § 157(d) because substantial and material

4

consideration of non-bankruptcy code statutes is necessary; and (3) Permissive withdrawal of the reference is warranted under 28 U.S.C. § 157(d). The Court will address each argument in turn.

**This Adversary Proceeding can be heard in Bankruptcy Court**

The FDIC argues that pursuant to 12 U.S.C. § 1821(d)(6)(A), this adversary proceeding may only be heard in a district court. The Court disagrees. Under 12 U.S.C. § 1821(d)(6)(A), a suit against the FDIC in its capacity as receiver may only be brought "in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia." Although this proceeding was originally initiated against the FDIC as receiver for the Banks, the only parties remaining are the FDIC and the Trustee. The Trustee has not brought any suit or cross-claim against the FDIC. The Trustee is only defending the claims brought by the FDIC in its cross-claim. Thus, this adversary proceeding may be heard in the Bankruptcy Court.

**Withdrawal of the Reference is not mandatory pursuant to 28 U.S.C. § 157(d)**

The Court finds that withdrawal of the adversary proceeding is not mandatory. Mandatory withdrawal of the reference is necessary when "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The

5

statute mandates withdrawal when a proceeding involves an examination of bankruptcy law and other federal law. Two approaches exist for determining when mandatory withdrawal is appropriate: (1) a liberal, statutory approach,[2] and (2) the substantial and material test. See Holmes v. Grubman, 315 F. Supp. 2d 1376, 1379 (M.D. Ga. 2004). Courts in this Circuit have adopted the substantial and material test. See id.; In re TPI, 222 B.R. at 667.

The substantial and material test requires withdrawal "only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes which have more than a de minimis impact on interstate commerce." Holmes, 315 F. Supp. 2d at 1379 (quoting In re TPI, 222 B.R. at 667). In adopting this approach, courts in this circuit have noted that the test is consistent with congressional intent and has been adopted by other courts in this circuit. Id. (citations omitted). This Court, like its sister courts, will also adopt this approach.

In applying the substantial and material test to this matter, the Court notes that "mere application of federal law does not make withdrawal mandatory; withdrawal is

---

[2] The liberal, statutory approach requires withdrawal whenever the "resolution of a proceeding requires the consideration of both bankruptcy and non-bankruptcy laws." In re TPI, 222 B.R. at 667 (quoting In re C-TC 9th Ave. P'ship, 177 B.R. 760, 763 (N.D.N.Y 1995), reh'g denied 183 B.R. 1 (1995)).

6

only mandatory when 'complicated, interpretive issues' are involved, especially with matters of first impression or where there is a conflict between bankruptcy and other laws." Id. (citing In re Hvide Marine, Inc., 248 B.R. 841 (M.D. Fla. 2000) and In re TPI, 222 B.R. at 667-68). Moreover, what is necessary for a mandatory withdrawal is that the "resolution of non-bankruptcy law must be essential to the dispute." Id. (quoting In re Am. Body Armor & Equip., 155 B.R. 588, 590-91 (M.D. Fla. 1993)).

Here, the Court finds that withdrawal is not necessary. Although the case does involve the consideration of non-bankruptcy laws, resolution of those laws are not essential to the dispute. The essential issue in this case is whether the tax refunds are property of the estate under bankruptcy law, 11 U.S.C. § 541(a) and (d). Indeed, the Court may need to consider and apply the federal tax code and regulations; however, the Trustee does not anticipate that the amount or validity of the refunds will be in dispute, and therefore no conflict between the bankruptcy laws and the federal tax laws should exist. Moreover, while the Court may need to apply federal banking law, specifically 12 U.S.C. § 1821(d)(2)(A), the Court does not find any application will be essential to the issues here. This statute gives the FDIC standing to claim that the tax refunds are property of the FDIC, not the estate, but in order to resolve who will receive the tax refunds, the Court will need to analyze the tax sharing agreement and determine

7

whether the refunds are property of the estate pursuant to bankruptcy code section 11 U.S.C. § 541(a) and (d).

The fact that the dispute in this adversary proceeding – who is entitled to tax refunds – is a matter of first impression in Georgia does not require withdrawal to this Court. Bankruptcy courts routinely determine what is and is not property of an estate and have specifically determined whether a tax refund is property of the estate. See In re Neumann Homes, 414 B.R. 383, 388 (N.D. Ill. 2009); In re Flying J, No. 08-13384(MFW), 2009 WL 5215000 (Bkrtcy. D. Del., Dec. 28, 2009); In re Marvel, 372 B.R. 425 (N.D. Ind. 2007); In re First Cent. Fin. Corp., 269 B.R. 481 (E.D.N.Y. 2001) . The Bankruptcy Court is qualified to hear the issues in this case and to handle the issues quickly and efficiently. Indeed, the determination of what is property of the bankruptcy estate is a fundamental issue affecting the administration of the underlying bankruptcy case here. Thus, withdrawal of the proceeding to this Court is not mandatory.

**Permissive Withdrawal is not appropriate**

Despite the FDIC's arguments, the Court is also unpersuaded that permissive withdrawal is appropriate here. In addition to mandatory withdrawal, Congress granted district courts the discretionary authority to withdraw any case or proceeding from a bankruptcy court "for cause shown." 28 U.S.C. § 157(d); see also In re Simmons,

200 F.3d 738, 741 (11th Cir. 2000) (citing In re Parklane/Atl. Joint Venture, 927 F.2d 532 (11th Cir. 1991)). The decision to allow a permissive withdrawal is within the sound discretion of the district court, but should only be done where good cause is shown. See id.; see also In re TPI, 222 B.R. at 668. The statute itself does not define what constitutes "cause shown," but the Eleventh Circuit has held that cause is not "an empty requirement" and has articulated factors that may be used in considering "cause shown." See In re Simmons, 200 F.3d at 741. To determine if cause has been shown, a court should consider the following factors: (1) uniformity and efficiency in the administration of bankruptcy law; (2) prevention of forum shopping; (3) conservation of parties' resources; and (4) facilitation of the bankruptcy process. See In re Parklane, 927 F.2d at 536 n.5. In addition, district courts within this circuit also consider (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay. See In re TPI, 222 B.R. at 668 (citing various courts); see also In re Hvide, 248 B.R. at 844; Control Ctr., LLC v. Lauer, 288 B.R. 269, 274 (M.D. Fla. 2002). Here, application of the above-identified factors does not favor withdrawal to this Court.

  First, the reference should not be withdrawn because it is a core proceeding. Core proceedings are ones which bankruptcy courts can adjudicate to final binding judgment and which are subject to review by the district court under "normal

deferential standards of judicial review." In re Toledo, 170 F.3d at 1347. On the other hand, in non-core proceedings, bankruptcy courts can only submit proposed findings of fact and conclusions of law, not a final order or judgment, and the district court conducts a *de novo* review. Id. A proceeding is core if it "involves a right created by the federal bankruptcy law," or "is one that would arise only in bankruptcy." Id. at 1348. "If the proceeding does not invoke substantive rights created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding. . . ." Id. In addition, "[c]ore proceedings are those matters that govern the administration of the debtor's estate." In re TPI, 222 B.R. at 668, n.3. Thus, it is preferred that the bankruptcy court hear a core proceeding.

The proceeding here is a core proceeding because it is essentially an action to determine if tax refunds are property of the estate under 11 U.S.C. § 541, and this determination governs the administration of the debtor's estate. Even if it were determined that this proceeding was not properly characterized as a core proceeding, such a determination would not prompt this Court to exercise its discretion to withdraw the reference, given the other circumstances this Court must take into consideration. See In re Tate, 2001 WL 320488 (S.D. Ala. Jan. 19, 2010); In re H&W Motor Express Co., 243 B.R. 208, 215 (N.D. Iowa 2006) ("The mere fact a bankruptcy

10

proceeding is not a core proceeding is not a sufficient reason to grant a motion for the withdrawal of the reference.").

The other factors this Court should take into consideration favor disposition of the proceeding in the Bankruptcy Court. Resolution of the proceeding in Bankruptcy Court will insure uniformity and efficiency of the bankruptcy laws and be a more efficient use of judicial resources. The Bankruptcy Court has expertise and experience in handling these types of cases and has been directly involved in the underlying case on which this adversary proceeding is based. Bankruptcy courts are often required to determine what is and is not property of the estate, and the Bankruptcy Court can handle the issues promptly and efficiently. In addition, the FDIC has not requested a jury trial. As stated earlier, the fact the Bankruptcy Court will have to consider state law does not make withdrawal to this Court appropriate. "We cannot send every proceeding requiring passing consideration of non-bankruptcy law back to the district court; for to do so would 'eviscerate much of the work of the bankruptcy courts.'" In re Neumann Homes, 414 B.R. at 388 (quoting In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996)).

## CONCLUSION

For the reasons expressed above, Defendant FDIC's Motion to Withdraw the Reference of Adversary Proceeding No. 09-05128-JTL [Doc. 2] is **DENIED**.

It is SO ORDERED this 14th day of June, 2010.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL, JUDGE
                                              UNITED STATES DISTRICT COURT

SSH/apg