UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:10-cv-22343-CIV-HUCK/O'SULLIVAN

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as receiver
of BankUnited, FSB,

    Plaintiff,

v.

BANKUNITED FINANCIAL
CORPORATION, BANKUNITED
FINANCIAL SERVICES, INC., CRE
AMERICA CORPORATION, and
BU REALTY CORPORATION,

    Defendants.
_____/

**DEFENDANTS' REPLY BRIEF TO REPLY [SIC] OF THE FEDERAL DEPOSIT
INSURANCE CORPORATION, AS RECEIVER OF BANKUNITED, FSB,
TO THE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO MOTION OF THE FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER OF BANKUNITED, FSB, FOR THE ENTRY OF
AN ORDER, PURSUANT TO 28 U.S.C. § 157(d) AND BANKRUPTCY RULE 5011(a),
WITHDRAWING THE REFERENCE OF THE ADVERSARY PROCEEDING
INVOLVING CONSIDERATION OF TITLE 12 OF THE UNITED STATES CODE**

Defendants, BankUnited Financial Corporation, BankUnited Financial Services, Inc., CRE America Corporation, and BU Realty Corporation (collectively, the **"BUFC Parties"**), submit this reply to the *Reply [sic] of the Federal Deposit Insurance Corporation, as Receiver of BankUnited, FSB to the Defendants' Notice of Supplemental Authority in Opposition to Motion of the Federal Deposit Insurance Corporation, as Receiver of BankUnited, FSB, for the Entry of an Order, Pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a), Withdrawing the Reference of the Adversary Proceeding Involving Consideration of Title 12 of the United States*

*Code* (DE #15) (the **"Response"**) filed by Plaintiff, the Federal Deposit Insurance Corporation, in its capacity as Receiver of BankUnited, FSB (the **"FDIC-Receiver"**), and state:

In *Georgia Dep't of Revenue v. Webster (In re Security Bank Corp.)*, Misc. Action No. 5:10:mc-3(CAR) (M.D. Ga. June 14, 2010) (**"*Webster*"**), the District Court in the Middle District of Georgia denied the FDIC-Receiver's motion to withdraw the reference of an adversary proceeding seeking a determination of competing ownership claims to certain tax refunds. The parties to the ownership dispute were the bankruptcy trustee for a bank holding company and the FDIC-Receiver – identically situated parties and the identical issue posed in Count II of the underlying adversary proceeding (the **"BUFC Adversary Proceeding"**) as to which the FDIC-Receiver seeks to withdraw the reference here.

Despite the FDIC-Receiver's attempts to distinguish that decision based on little more than its initial procedural posture before the bankruptcy court, *Webster* could not be more on point to this Court's consideration of whether to withdraw the reference in whole or in part pursuant to 28 U.S.C. § 157(d). As the *Webster* Court noted, "the essential issue in this case is whether the tax refunds are property of the estate under bankruptcy law, 11 U.S.C. § 541(a) and (d)." *Webster* at 7. The *Webster* Court went on observe that "Bankruptcy courts routinely determine what is and is not property of an estate and have specifically determined whether a tax refund is property of the estate," *id.* at 8 (collecting cases), and correctly noted that "the determination of what is property of the bankruptcy estate is a fundamental issue affecting the administration of the underlying bankruptcy case here," *id.* Accordingly, the *Webster* Court held that withdrawal was not mandatory.

The *Webster* Court also denied permissive withdrawal, holding that the determination of whether tax refunds were property of the estate was a core proceeding. *Id.* at 9. Even if it were

2

not a core proceeding, though, the *Webster* Court stated that it would still deny withdrawal, observing that "[t]he Bankruptcy Court has expertise and experience in handling these types of cases and has been directly involved in the underlying case on which this adversary proceeding is based." *Id.* at 11.  Here, of course, Judge Isicoff is intimately familiar with the issues and parties in the underlying bankruptcy cases that have been pending for over fourteen months, throughout which the FDIC-Receiver has been among the most (if not the most) active and vocal participants.[1]

Reaching to find any conceivable distinguishing factor, the FDIC-Receiver argues that in *Webster* it was a cross-claimant which was not sued directly by the bankruptcy trustee, as opposed to a defendant as it is denominated in the BUFC Adversary Proceeding.  In reality, that is a distinction without a difference because here, the FDIC-Receiver voluntarily submitted itself to the equity jurisdiction of the Bankruptcy Court by filing three $4.9 billion proofs of claim in the underlying bankruptcy cases – in which it asserted claims to, among other things, the very tax refunds at issue in Count II of this adversary proceeding.  *AASI Creditor Liquidating Trust v. Peoplesoft, USA, Inc. (In re All American Semiconductor, Inc.)*, Adv. No. 09-1466, slip op. at 12 (Bankr. S.D. Fla. July 20, 2010) (noting "the undisputed rule that filing a proof of claim constitutes a voluntary submission to the equity jurisdiction of the bankruptcy court") (*citing Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57-58 (1989)); *see also Langenkamp v. Culp*,

---

[1] For the same reasons, judicial economy would be greatly enhanced by permitting Judge Isicoff to hear and determine these issues.  Likewise, despite the FDIC-Receiver's haphazard citation in its Response to various provisions of Title 12, the substance of the claims in the adversary proceeding do not require any "substantial and material consideration" of Title 12.  *See Webster* at p. 7 ("the Court does not find any application [of federal banking law] will be essential to the issues here").  Rather, the BUFC Adversary Proceeding requires the bankruptcy court to determine routine matters of bankruptcy administration and other claims involving the adjustment of the debtor-creditor relationship that formerly existed between and among the BUFC Parties and their former banking affiliate, BankUnited, FSB (**"BUFSB"**), for which the FDIC-Receiver now acts as Receiver.

498 U.S. 42, 44-45 (1990) ("by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power."). As courts have repeatedly noted, "the filing of a proof of claim is tantamount to the filing of a complaint in a civil action, *see Nortex Trading Corp. v. Newfield*, 311 F.2d 163 (2d Cir. 1962), and the trustee's formal objection to the claim, the answer." *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 552 (5th Cir. 1985) (citing 3 Collier on Bankruptcy ¶ 502.01, at 502-16); *Litton Loan Servicing, L.L.P. v. Eads (In re Eads)*, 417 B.R. 728, 741 (Bankr. E.D. Tex. 2009); *Jordan v. Greentree Consumer Discount Co. (In re Jordan)*, 403 B.R. 339, 351 (Bankr. W.D. Pa. 2009); *The Academy, Inc. v. James, Hoyer, Newcomer and Smiljanich, P.A. (In re The Academy, Inc.)*, 289 B.R. 230, 233 (Bankr. M.D. Fla. 2003). The BUFC Parties then objected to those proofs of claim in Count I of the adversary proceeding (akin to filing an "answer" to the FDIC-Receiver's "complaint" – its proofs of claim); sought a specific determination of whether certain tax refunds and other attributes were property of its estate in Count II; and in Counts III through XXII asserted other counterclaims to the FDIC-Receiver's proofs of claim.[2]

*Webster* is therefore directly on point with respect to Count II, and offers compelling and persuasive guidance to this Court with respect to Counts I and III through XXII, in considering whether to withdraw the reference in whole or in part pursuant to 28 U.S.C. § 157(d). Indeed, the FDIC-Receiver sought precisely the same relief – withdrawal of the reference – with respect to precisely the same issue – ownership of the tax refunds – and lost on that issue. While

---

[2] These Counts seek recovery on a number of claims that arise directly under various provisions of the Bankruptcy Code such as turnover under Section 542 and avoidance and recovery of various transfers under Sections 544, 547, 548, and 550, while others involve the routine adjustment of the debtor-creditor relationship that formerly existed between and among the BUFC Parties and BUFSB as affiliated parties within the overall corporate structure of which BankUnited Financial Corporation was the parent.

*Webster* is by no means controlling law before this Court, it is properly reasoned and correctly decided, and the FDIC-Receiver's attempt to withdraw the reference as to the BUFC Adversary Proceeding should meet the same fate here.

WHEREFORE, the BUFC Parties respectfully request that the Court deny the FDIC-Receiver's motion to withdraw the reference, and thereby permit the bankruptcy court to exercise its core jurisdiction over the fundamental bankruptcy issues posed in the BUFC Adversary Proceeding.

Dated August 9, 2010.                           **GREENBERG TRAURIG, P.A.**

*Counsel for Defendants, BankUnited Financial Corporation, BankUnited Financial Services, Inc., CRE America Corporation, and BU Realty Corporation*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By:    /s/ *Mark D. Bloom*
          JACQUELINE BECERRA
          Florida Bar No. 0025135
          becerraj@gtlaw.com
          MARK D. BLOOM
          Florida Bar No. 303836
          bloomm@gtlaw.com
          SCOTT M. GROSSMAN
          Florida Bar No. 0176702
          grossmansm@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail, postage prepaid, for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing in this civil action.

/s/ *Mark D. Bloom*
MARK D. BLOOM

## SERVICE LIST

**Electronic Mail Notice List**
The following is the list of parties who are currently on the list to receive e-mail notice/service for this civil action:

**Bruce Judson Berman** - *bberman@mwe.com, wjanke@mwe.com*
**Geoffrey T. Raicht** - *graicht@mwe.com*
**Mark David Bloom** - *bloomm@gtlaw.com, miaecfbky@gtlaw.com, MiaLitDock@gtlaw.com, phillipsj@gtlaw.com*

*MIA 181,382,083v4*